# §UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. |
| | : | |
| v. | : | **FILED UNDER SEAL** |
| | : | |
| **SIERRA NICOLE WALKER,** | : | Offenses: |
| | : | |
| Defendant | : | **18 U.S.C. § 1349** |
| | : | **(Conspiracy To Commit Bank Fraud)** |
| | : | |
| | : | **18 U.S.C. § 1956(h)** |
| | : | **(Conspiracy To Launder** |
| | : | **Monetary Instruments)** |
| | : | |
| | : | Forfeiture: 18 U.S.C. § 982(a)(1), (a)(2) |
| | : | 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that:

At all times material to this Information:

## COUNT ONE
### (Conspiracy To Commit Bank Fraud)

1. From some time in or about mid-2016 and continuing through at least in or about February 2017, within the District of Columbia and elsewhere, Sierra Nicole Walker ("WALKER") did knowingly and willfully conspire, combine, confederate, and agree together with others known and unknown, to commit offenses against the United States, to wit: knowingly executing, or attempting to execute, a scheme or artifice to defraud a financial institution or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344 and committed acts in furtherance of that conspiracy.

2. BB&T is a financial institution, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

3. Citibank is a financial institution, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

4. Citizens Bank is a financial institution, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

5. M&T Bank is a financial institution, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

6. "Mike" is a co-conspirator known to the grand jury.

### The Goal of the Conspiracy

7. The goal of the conspiracy was for the co-conspirators to enrich themselves by obtaining stolen checks intended for third parties, establish sham corporations and bank accounts in the name of the third parties for whom the checks were intended, deposit or attempt to deposit the stolen checks into bank accounts under control of WALKER and/or other co-conspirators, and then fraudulently withdraw funds from those accounts before detection by the financial institution or law enforcement.

### Manner and Means of the Conspiracy

8. From some time beginning in or about mid-2016 and continuing through at least in or about February 2017, WALKER and other co-conspirators known and unknown to the government devised a scheme and artifice to defraud in which they obtained stolen checks and attempted to deposit those checks and then fraudulently withdraw funds from various financial institutions.

**Overt Acts in Furtherance of the Conspiracy**

9. In furtherance of the scheme and artifice to defraud and to effect the object thereof, WALKER and her co-conspirators committed the following overt acts, among others in the District of Columbia and elsewhere:

**A. Aerolab**

10. On or about October 21, 2016, WALKER established a District of Columbia corporation in the name of Aerolab LLC, using the false alias of Ciara Walters.

11. On or about October 22, 2016, WALKER opened BB&T bank account number ending in 8540 in the name of Aerolab LLC. WALKER used the false alias Ciara Walters and a false social security number when opening the account.

12. On or about October 24, 2016, a check drawn on the account of Victim 1 and payable to Aerolab LLC, in the amount of $78,090.00, was deposited by co-conspirators known and unknown to the grand jury into BB&T bank account number ending in 8540.

**B. Leonhardt Pipe & Supply**

13. In or about October 2016, a co-conspirator known to the grand jury established a Pennsylvania corporation in the name of Leonhardt Pipe & Supply, using the false alias of Charles Elder.

14. On or about November 1, 2016, WALKER carried the incorporation documents into a Citibank branch in the District of Columbia and successfully opened Citibank account number ending in 2628, in the name of Leonhardt Pipe & Supply.

15. On or about November 7, 2016, a check drawn on the account of Victim 2 and payable to Leonhardt Pipe & Supply, in the amount of $151,927.28, was deposited by co-conspirators known and unknown to the grand jury into Citibank account number ending in 2628.

C. **Zurich North America, Inc.**

16. In or about early November 2016, a co-conspirator known to the grand jury established a Rhode Island corporation in the name of Zurich North America, Inc.

17. On or about November 7, 2016, WALKER and a co-conspirator known to the grand jury opened Citizens Bank account with numbers ending in 6958 and 6893, at a branch in Providence, Rhode Island, in the name of Zurich North America, Inc.

18. On or about November 10, 2016, WALKER and the co-conspirator deposited a check drawn on the account of Victim 3 and payable to Zurich North America, Inc., in the amount of $1,482,496.00, into Citizens Bank account number ending in 6958.

19. Also on or about November 10, 2016, WALKER and the co-conspirator deposited a check drawn on the account of Victim 4 and payable to Zurich North America, Inc., in the amount of $332,418.89, into Citizens Bank account number ending in 6893.

D. **Automic Software Inc.**

20. On or about November 15, 2016, WALKER established a Pennsylvania corporation in the name of Automic Software Inc. WALKER established the corporation using a false alias in the name of Ciara Walters.

21. On or about November 22, 2016, WALKER entered an M&T Bank branch in Spring Grove, Pennsylvania, and opened M&T Bank account number ending in 5419 in the name of Automic Software. WALKER presented a false California driver's license in the name of Ciara Walters and used a false social security number when opening the account.

22. On or about November 28, 2016, a check drawn on the account of the Government of the District of Columbia and payable to Automic Software, Inc., in the amount of $166,540.00,

was deposited by co-conspirators known and unknown to the grand jury into M&T Bank account number ending in 5419.

### E. RSG Building Solutions Inc.

23. On or about November 29, 2016, WALKER established a New Jersey corporation in the name of RSG Building Solutions Inc. WALKER established the corporation using a false alias, Nicole Walker.

24. On or about December 5, 2016, WALKER entered a Citibank bank branch in Hyattsville, Maryland, and opened Citibank account number ending in 0983 in the name of RSG Building Solutions Inc..

25. On or about December 13, 2016, a check drawn on the account of Victim 5 and payable to RSG Building Solutions Inc., in the amount of $131,075.00, was deposited by co-conspirators known and unknown to the grand jury into Citibank account number ending in 0983.

**(Conspiracy To Commit Bank Fraud, in violation of
Title 18, United States Code, Sections 1349 and 1344(2))**

### COUNT TWO
**(Conspiracy To Launder Monetary Instruments)**

1. From at least in or around mid-2016, continuing through at least in or around September 2016, within the District of Columbia, the District of Maryland, the District of Rhode Island, and elsewhere, WALKER, the defendant, did knowingly and willfully combine, conspire, confederate and agree with other persons, both known and unknown to the government, to violate:

   a. Title 18, United States Code, Section 1956(a)(1)(A)(i), by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the deposits and withdrawals of funds from bank accounts, which involved the proceeds of specified unlawful activity, that is, bank fraud, knowing that the property involved in these

5

financial transactions represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of specified unlawful activity, that is, bank fraud;

      b.      Title 18, United States Code, Section 1956(a)(1)(B)(i), by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the deposits and withdrawals of funds from bank accounts, which involved the proceeds of specified unlawful activity, that is, bank fraud, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity; and

      c.      Title 18, United States Code, Section 1957, by knowingly engaging and attempting to engage in monetary transactions by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is by depositing checks, withdrawing cash, obtaining cashier's checks, and writing checks, such property having derived from a specified unlawful activity, that is bank fraud;

all in violation of Title 18, United States Code, Section 1956(h).

**(Conspiracy To Launder Monetary Instruments, in violation of
Title 18, United States Code, Section 1956(h))**

**<u>FORFEITURE ALLEGATION</u>**

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1).  The United States will also

seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Count One, and any property traceable thereto.

     2.     Upon conviction of the offenses alleged in Count Two, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2).  The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of Count Two.

     3.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1)-(2); and Title 21, United States Code, Section 853(p))**

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. BAR NO. 415793

BY: */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
John P. Marston, D.C. Bar No. 493012
Assistant United States Attorneys
Kyle T. Bateman, D.C. Bar No. 996646
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153 (Brown)
Christopher.Brown6@usdoj.gov